UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FARHAR,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ONTRAK, INC. et al.,<br><br>　　　　　　　Defendants. | Case No. 2:21-cv-01987-FLA (Ex)<br>Case No. 2:21-cv-02460-FLA (Ex)<br><br>**AMENDED ORDER GRANTING MOTION OF IBINABO DICK TO CONSOLIDATE RELATED CASES, FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL [DKT. 15]; ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR CONSOLIDATION OF RELATED ACTIONS BY DAVID LANE [DKT. 19], DETECTIVES ENDOWMENT ASSOCIATION OF THE CITY OF NEW YORK ANNUITY FUND [DKT. 22], JOSEPH YARED [DKT. 26], HANY HABIB [DKT. 30], AND ACHIM KRAUS [DKT. 34].** |

# **RULING**

Before the court is Plaintiff Ibinabo Dick's ("Dick") Motion to Consolidate Related Actions, for Appointment as Lead Plaintiff, and Approval of Choice of Counsel ("Dick's Motion"), filed on May 3, 2021. Dkt. 15 ("Dick's Mot."). Plaintiffs Joseph Yared ("Yared"), the Detectives Endowment Association of the City of New York Annuity Fund ("Detectives Endowment"), Hany Habib ("Habib"), Achim Kraus ("Kraus"), and David Lane ("Lane") originally filed competing motions to be appointed Lead Plaintiff. *See* Dkts. 19, 22, 26, 30, 34. Dick's Motion, however, is now unopposed. *See* Dkts. 38, 42, 45, 48 (Notices of Non-Opposition filed by Yared, Detectives Endowment, Habib, and Kraus).[1]

On June 2, 2021, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for June 4, 2021. Dkt. 54; *see also* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court GRANTS Dick's Motion. The action styled *Alexander Yildrim v. Ontrak, Inc. et al.*, Case No. 2:21-cv-02460-FLA (Ex) ("Case No. 21-2460") is hereby consolidated with the instant action, styled *Michael Farhar v. Ontrak, Inc., et al.*, Case No. 2:21-cv-01987-FLA (Ex) ("Case No. 21-1987"). Plaintiff Ibinabo Dick is appointed Lead Plaintiff and The Rosen Law Firm, P.A. is approved as class counsel. Accordingly, the court also GRANTS Plaintiffs Yared, Detectives Endowment, Habib, Kraus, and Lane's competing motions in part as to consolidation, but DENIES in part their requests to be appointed Lead Plaintiff and for approval of class counsel.

No further filings shall be made or accepted in Case No. 21-2460, which file shall be administratively closed. All pleadings and filings therein shall maintain their legal relevance. Any further pleadings or filings received by the Clerk of Court for Case No. 21-2460 shall be filed in the consolidated action bearing Case No. 21-1987.

---

[1] Lane did not submit an opposition to the competing motions.

# BACKGROUND

This is a putative securities class action suit brought on behalf of all persons and entities that acquired securities in Ontrak, Inc. ("Ontrak"), between November 5, 2020 and February 26, 2021. Dkt. 1 ¶ 1 ("Compl."). The lawsuit alleges Ontrak, Terren S. Peizer, and Brandon H. Laverne (collectively, "Defendants") violated (1) Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; and (2) Section 20(a) of the Exchange Act. *See* Compl. ¶¶ 43-57.

On March 29, 2021, Case No. 21-2460 was found formally related to the present case, Case No. 21-1987, and transferred to this court. Case No. 21-2460, Dkt. 10; *see also* Local Rule 83-1.3.1. On May 3, 2021, six Plaintiffs – Dick, Yared, Detectives Endowment, Habib, Kraus, and Lane – moved to request the court consolidate Case No. 21-2460 with the instant action, appoint lead plaintiffs, and approve their choice of counsel. *See* Dkts. 15, 19, 22, 26, 30, 34. Subsequently, four of the six Plaintiffs (Yared, Detectives Endowment, Habib, and Kraus) filed Notices of Non-Opposition to the competing motions. Dkts. 38, 42, 45, 48. Plaintiffs Yared, Detectives Endowment, and Habib acknowledged they did not have the largest financial interest in the case pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Dkts. 38, 42, 45. Lane, the movant with the smallest financial interest, did not submit oppositions to the competing motions. Thus, Dick's Motion is now left unopposed. Dkt. 49.

On May 14, 2021, Defendants filed a statement joining the motions to consolidate Case No. 21-2460 with the instant action and stating they did not take a position with respect to the motions for appointment of lead Plaintiff and approval of lead Plaintiff's counsel. Dkt. 43.

/ / /

/ / /

/ / /

# DISCUSSION

## I. Consolidation

Pursuant to the Private Securities Litigation Reform Act (the "PSLRA"), the court should first rule on motions to consolidate before addressing the lead plaintiff and lead counsel issues. 15 U.S.C. § 78u-4(a)(3)(B)(ii); 15 U.S.C. § 77z-1(a)(3)(B)(ii). Fed. R. Civ. P. 42(a) allows the court to consolidate actions that "involve a common question of law or fact." "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Invs. Rsch. Co. v. United States Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In determining whether to consolidate actions, "a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003).

"Courts have recognized that securities class actions are particularly suited to consolidation to help expedite pretrial proceedings, reduce case duplication, avoid the involvement of parties and witnesses in multiple proceedings, and minimize the expenditure of time and money." *Hufnagle v. Rino Int'l Corp.*, Case No. 2:10-cv-8695-VBF (VBKx), 2011 WL 710704 (C.D. Cal. Feb. 14, 2011). "Consolidation is appropriate when multiple cases 'allege the same misrepresentations and omissions by' defendants and have similar class definitions." *Id.* (quoting *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1130 (C.D. Cal. 1999).

This court finds this case and Case No. 21-2460 well-suited for consolidation. Both Complaints allege the same misrepresentations by Defendants and have identical class definitions. *See* Compl. ¶¶ 16-57; Case No. 21-2460, Dkt. 1 at ¶¶ 16-57. The actions arise from the same alleged scheme by Defendants, name the same core set of Defendants, and plead the same underlying facts—i.e., that Defendants issued materially false and misleading statements and omissions that artificially inflated the

price of Ontrak's securities, and subsequently damaged the class. *See generally* Compl.; Case No. 21-2460, Dkt. 1. Moreover, no party opposes the consolidation.

Accordingly, the court GRANTS Defendants' and Plaintiffs Dick, Yared, Detectives Endowment, Habib, Kraus, and Lane's requests for consolidation and ORDERS the actions be consolidated for all purposes including, but not limited to, discovery, pretrial proceedings, and trial. The docket in Case No. 21-1987 shall constitute the Master Docket for the consolidated action. The court further ORDERS the Clerk to file a copy of this order in and then administratively close Case No. 21-2460.

## II. Lead Plaintiff

### A. Legal Standard

The PSLRA sets forth the requirements of securities class actions brought pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. § 77z-1 *et seq*. In particular, 15 U.S.C. § 78u-4(a)(3) outlines the statutory requirements for a district court's appointment of lead plaintiff. "The Act instructs district courts to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'" *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)). "The 'most capable' plaintiff — and hence the lead plaintiff — is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of [Fed. R. Civ. P.] 23." *Id*. The court should follow a "three-step process for identifying the lead plaintiff pursuant to these criteria." *Id*.

First, the PSLRA sets forth a notice requirement that the first plaintiff to file the lawsuit must provide notice of the lawsuit, including notice that "any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

The second step requires the court to consider any motion made by a class member in response to the notice requirement when appointing the most adequate plaintiff as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). When making this

determination, the court must "adopt a presumption that the most adequate plaintiff ... has the largest financial interest in the relief sought by the class … and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The court must ensure the movant with the greatest financial interest in the relief sought meets the "typicality" and "adequacy" requirements of Fed. R. Civ. P. 23(a), and the movant is entitled to lead plaintiff status so long as these requirements are met. *Cavanaugh*, 306 F.3d at 730, 732; *see also* Fed. R. Civ. P. 23(a) (requiring that the movant's claims be "typical of the claims or defenses of the class" and that the movant "will fairly and adequately protect the interests of the class").

To make a prima facie showing of typicality, a movant need only establish that her claims are substantially similar, rather than substantially identical, to all class members' claims. *See Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 667 (C.D. Cal. 2005) (explaining that only a preliminary showing of typicality is needed for appointment of a lead plaintiff because a wide-ranging analysis will take place during the class certification process). To determine whether a movant will fairly and adequately protect the interests of all class members, the court should inquire about the movant's interests in the outcome of the case, and her willingness to represent vigorously the class' claims. *See id*. "In assessing whether the choice of lead counsel casts doubt on the fitness of a presumptive lead plaintiff, the court determines 'whether the presumptive lead plaintiff's choice of counsel is so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff.'" *Id*. at 671 n.44 (quoting *Cavanaugh*, 306 F.3d at 733).

Finally, the third step requires the court "to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfied Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730.

///

**B.   Analysis**

   *1.   Published Notice*

On March 3, 2021, counsel for Plaintiff Farhar published a notice in *Business Wire* announcing that a securities class action had been filed against Defendants and advising purchasers of Ontrak, Inc. securities that they had 60 days from publication of the notice to file a motion to be appointed as lead plaintiff.  Dkt. 17-1; *see also* 15 U.S.C.A. § 78u-4(a)(3)(A)(i) (requiring that notice "be published, in a widely circulated national business-oriented publication or wire service").  Thus, the notice requirement has been met here.

   *2.   Most Adequate Plaintiff*

The court finds Dick is the most adequate plaintiff under the PSLRA and Rule 23 of the Federal Rules of Civil Procedure.  *See Cavanaugh*, 306 F.3d at 729-30.

First, Dick has the second largest financial interest among class members who filed timely applications to be appointed Lead Plaintiff, and he alleges to have suffered a loss of approximately $122,962 on his purchase of Ontrak securities as a result of the alleged fraud.  Dkt. 17-3.  Kraus, the movant with the purported largest financial interest, filed a notice that he does not oppose the competing motions before the court.  Dkt. 48.  While Kraus may have the largest financial interest, he is not a typical plaintiff under Fed. R. Civ. P. 23 because he is a high frequency trader that may be subject to unique defenses.  Dkt. 46 at 3-5; *see Applestein v. Medivation Inc.*, No. C 10-00998 MHP, 2010 WL 3749406, at *3 (N.D. Cal. Sept. 20, 2010) (finding the presumption that the plaintiff with the greatest loss ought to be the lead plaintiff was rebutted because he was a day trader who may have focused on technical price movements rather than price, and therefore may have purchased the stock at issue regardless of the alleged misstatement or omission).

Plaintiffs Yared, Detectives Endowment, and Habib acknowledged in their Notices of Non-Opposition that they did not have the largest financial interest in the case pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) and thus, do not qualify as the

most adequate plaintiff. *See* Dkts. 38, 42, 45. Lane, who did not file an opposition to Dick's Motion, has the smallest financial interest of the movants, suffering a purported loss of only $9,202.67. Dkt. 19-1 at 6. Accordingly, Dick is most suited to be Lead Plaintiff based on his financial interest and Kraus' failure to satisfy the typicality requirement of Fed. R. Civ. P. 23.

Second, unlike Kraus, Dick satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23. With respect to typicality, Dick's claims are typical of the claims asserted by the proposed class because, like all members of the class, he purchased Ontrak securities during the designated class period and alleges losses as a result of those transactions. Dkt. 17-4 ¶ 2; *see also* Compl. Dick also alleges similar issues of law and fact as the other members of the class. *See generally* Dick's Mot. Accordingly, the court finds that Dick's claims are typical of the class.

With respect to adequacy, Dick also satisfies this requirement as he has a financial interest in this litigation exceeding $100,000, which indicates he will vigorously represent the purported class. Dick's interests are also aligned with those of other class members because all class members allegedly purchased Ontrak securities at an artificially inflated price due to Defendants' alleged misrepresentations and omissions. *Id.* at 7. Dick states he is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. *Id.* at 8. Likewise, there is no evidence in the record to suggest that Dick's chosen counsel is incapable or unqualified. The court, therefore, finds Dick is the most adequate Plaintiff of the six movants.

### 3. Opportunity for Rebuttal

Finally, the third requirement under the PSLRA that other plaintiffs be given an opportunity to rebut the lead plaintiff's showing that he satisfied Fed. R. Civ. P. 23's typicality and adequacy requirements is also met here. No other plaintiffs have opposed Dick's status as lead Plaintiff, and indeed, other putative lead Plaintiffs

withdrew their motions after evaluating his papers. Dkts. 38, 42, 45, 48. Dick's showing of typicality and adequacy, therefore, has not been challenged.

Accordingly, the court GRANTS Dick's Motion and APPOINTS him as Lead Plaintiff in this action. Yared, Detectives Endowment, Habib, Kraus, and Lane's motions to be appointed Lead Plaintiff are DENIED.

### III. Lead Counsel

Pursuant to the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(v). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Court for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) (noting the district court does not have the authority to choose lead counsel). Ultimately, a district court may only approve or disapprove a lead plaintiff's choice of counsel, and disapproval is only warranted when there is evidence that suggests a lack of a good faith selection and negotiation process between lead plaintiff and lead counsel. *See id*. A court should not disturb a lead plaintiff's choice of counsel unless it is necessary to protect the class, because the PSLRA has a strong presumption that a properly selected lead plaintiff is most capable of selecting lead counsel. *Cavanaugh*, 306 F.3d at 734 n.14.

Here, Dick has selected The Rosen Law Firm as lead counsel. Dkt. 17-5. The firm has substantial experience in litigating securities class actions. *See id*. No evidence undermining the firm's ability to represent the putative class effectively has been presented. The court, therefore, APPROVES Dick's selection of counsel. Yared, Detectives Endowment, Habib, Kraus, and Lane's requests for approval of counsel are DENIED as moot.

### **CONCLUSION**

For the foregoing reasons, the court GRANTS Plaintiff Ibinabo Dick's Motion. The action styled *Alexander Yildrim v. Ontrak, Inc. et al.*, Case No. 2:21-cv-02460-FLA (Ex) is hereby CONSOLIDATED with this action. The court GRANTS

Plaintiffs Yared, Detectives Endowment, Habib, Kraus, and Lane's competing motions in part as to consolidation but DENIES in part their requests to be appointed Lead Plaintiff and for approval of class counsel.

Dick is ORDERED to file a Consolidated First Amended Complaint within fourteen (14) days of entry of this Order.  Defendants will have thirty (30) days from the filing of the Consolidated First Amended Complaint to file a response.  If Defendants file a motion to dismiss, Plaintiffs will have thirty (30) days to file an opposition and Defendants will have fourteen (14) days to file a reply.  The motion is to be set for hearing no earlier than a Friday two weeks after the reply filing date.

IT IS SO ORDERED.

Dated: July 14, 2021

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge