Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Phillip Kim, Esq. (pro hac vice)
Leah Heifetz-Li, Esq. (pro hac vice)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com
lheifetz@rosenlegal.com

Lead Counsel for the Class

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL FARHAR, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONTRAK, INC., TERREN S. PEIZER, BRANDON H. LAVERNE, CURTIS MEDEIROS, and JONATHAN MAYHEW,<br><br>Defendants. | ) | Master Docket No. 2:21-cv-01987-FLA-E (consolidated with Case No. 2:21-cv-02460-FLA)<br><br>Hon. Fernando L. Aenlle-Rocha<br><br>**LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE**<br><br>Date: July 28, 2023<br>Time: 1:30 p.m.<br>Courtroom: 6B<br><br>Complaint Filed: March 3, 2021 |

Plaintiff respectfully submit this opposition to the Request for Judicial Notice filed by Defendants Ontrak, Inc. ("Ontrak"), Brandon H. Laverne, and Curtis Medeiros ("Ontrak RJN") (Dkt. No. 100-1) and the Request for Judicial Notice filed by Defendant Jonathan Mayhew ("Mayhew RJN") (Dkt. No. 108-1).

The Mayhew RJN appends Ontrak's April 2, 2021 Form 8-K and Exhibit 10.1 thereto, which sets out the terms of Mayhew's employment agreement. The Court should deny judicial notice as to this document. It is not mentioned in the Second Amended Class Action Complaint for Violation of the Federal Securities Laws ("Complaint") and is therefore outside the pleadings. Thus, it appears to be submitted "merely [to] create[] a defense to the well-pled allegations in the [C]omplaint." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). As the Ninth Circuit wrote in *Orexigen:*

> Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts.

*Id.* at 1003. This document is plainly offered for the truth of its contents, as Mayhew uses it to argue that he had no personal motive to commit fraud. Mayhew Br. at 6.[1] The Mayhew RJN should therefore be denied. *Id.* (If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently "plausible" claim for

---

[1] Plaintiff cites to Ontrak, Laverne, and Medeiros' Memorandum of Points and Authorities in Support of their Motion to Dismiss (Dkt. No. 100), which Defendant Peizer joined (Dkt. No. 101) as "Def. Br __." Plaintiff cites to Mayhew's Supplemental Memorandum in Support of Motion to Dismiss and Joinder (Dkt. No. 108) as "Mayhew Br. __."

relief. Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine."); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) (Defendant "clearly seeks to have the court take judicial notice of the truth of the facts stated in the various press releases and news articles. This the court cannot do."); *In re ECOtality, Inc. Sec. Litig., No.* 13-03791-SC, 2014 WL 4634280, at *3 (N.D. Cal. Sept. 16, 2014) ("were the Court to assume the truth of all documents incorporated by reference into the CAC, that would mean assuming the truth of all of Defendants' allegedly false or misleading statements"); *Diversified Capital Invs., Inc. v. Sprint Commc'ns, Inc.*, No. 15-CV-03796-HSG, 2016 WL 2988864, at *4 (N.D. Cal. May 24, 2016) (incorporation by reference is intended to "prohibit a plaintiff who alleges that a document supports its claim from withholding other parts of the same document from the court's consideration at the motion to dismiss stage"); *In re Metawave Commc'ns Corp. Sec. Litig.*, 298 F. Supp. 2d 1056, 1061 n.1 (W.D. Wash. 2003) ("under the doctrine of incorporation by reference, [the Court] would consider the documents [] for the purpose of determining the contents of the documents, but not for the truth of the statements contained therein.").

The Ontrak RJN appends over 400 pages of documents with their Request for Judicial Notice, apparently to show the Court that they include sections entitled "Forward-Looking Statements" that set forth cautionary language and refer to cautionary language in prefaces to earnings calls as well as to quote from its disclosures concerning Ontrak's contracts and guidance. Def. Br. at 3, 7-8, 16-17. Plaintiff does not oppose the Court taking judicial notice of Exhibits A, B, C, D, E, F, G, H, K, L, M, N, O, P, and Q[2] to the extent that Defendants only seek notice of the existence of this language. Plaintiff does not plead that these documents do not

---

[2] Exhibit J, Ontrak's April 30, 2021 Form 10-K is not mentioned in the Complaint and is outside the pleadings.

include this language, and Defendants do not assert that Plaintiff misquoted or took out of context any section of any document the Complaint quotes or to which it refers. To the extent that Defendants rely on them for the truth of their contents, however, the Court should not consider them. *See, e.g., Orexigen*, 899 F.3d 988, 1003.

Dated: June 26, 2023

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Phillip Kim, Esq.
Leah Heifetz-Li, Esq.
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com
lheifetz@rosenlegal.com

Lead Counsel for Lead Plaintiff

and

Brian Schall, Esq.
THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

Additional Counsel for Lead Plaintiff

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case, and am over eighteen years old. On June 26, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 26, 2023 at Jenkintown, Pennsylvania.

/s/ Leah Heifetz-Li

Leah Heifetz-Li